**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BORG WARNER CORPORATION; Baker Industries, Inc.; Wells Fargo Armored Service Corporation; Pony Express Courier Corporation, Respondent.**

No. 80–1046.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 17, 1981.

Decided Oct. 28, 1981.

Rehearing and Rehearing En Banc Denied Jan. 5, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., William Bernstein, Raymond A. Jacobson, Director N.L.R.B., Memphis, Tenn., for petitioner.

Robert L. Thompson, Elarbee, Clark & Paul, Atlanta, Ga., for respondent.

Before KEITH and MARTIN, Circuit Judges, and DUNCAN,\* District Judge.

PER CURIAM.

This case is before the court on application of the National Labor Relations Board for enforcement of the Board's order issued against Borg Warner Corporation and its subsidiaries Baker Industries, Wells Fargo Service Corporation, and Pony Express Courier Corporation on September 27, 1979 and reported at 245 N.L.R.B. No. 73.

The issues presented are: 1) whether the named corporations constitute a single employer for purposes of the National Labor Relations Act (29 U.S.C. § 151 et seq.) and whether Pony Express is the alter ego of Wells Fargo; 2) whether respondent violated section 8(a)(5) and (1) of the Act by failing to bargain in good faith with the Union concerning the effects of its decision to transfer courier work from Wells Fargo to Pony Express; 3) whether respondent

---

\* Honorable Robert M. Duncan, United States District Judge for the Southern District of Ohio, sitting by designation.

violated section 8(a)(3) and (1) of the Act by laying off five employees and constructively discharging another as a consequence of the transfer of courier work; and 4) whether respondent must recognize the Union as the bargaining agent for Pony Express.

■ With regard to the first issue, the Administrative Law Judge considered the following historical and technical interrelationship between Wells Fargo and Pony Express: Pony Express was incorporated in 1975 for the purpose of assuming much of Wells Fargo's courier service. That business involves the transfer of non-intrinsically valuable articles under low security circumstances. Wells Fargo remained a separate entity, offering primarily armored car services. However, both corporations are wholly owned subsidiaries of appellant Baker Industries which in turn is 97 percent owned by appellant Borg Warner. Furthermore, Pony Express and Wells Fargo share a number of top executive officers including the president, vice-president, secretary, and treasurer. Also, the vice-president for personnel, Mr. Hughes, renders labor advice for both corporations. Finally, the two corporations share common offices, post office boxes, and lockboxes. As an example of the close relationship between these two corporations, the Administrative Law Judge reviewed the details of the takeover by Pony Express of the Nashville and Knoxville courier operations. In this instance Wells Fargo vans were simply repainted and "sold" to Pony Express via a paper transaction. On these facts the Administrative Law Judge concluded respondents constituted a single employer and that Pony Express was the *alter ego* of Wells Fargo for purposes of the National Labor Relations Act.

■ The second issue, the section 8(a)(5) and (1) charge, arose out of Wells Fargo's tardy notice to the Union of its intention to transfer the Nashville and Knoxville courier operations. That decision was reached by the company in January of 1978, but Union officials were not notified until march 30, two days prior to the planned April 1 transfer. On March 31, the Union's counsel wrote the company suggesting certain measures which might be taken to min-

imize the adverse effects of the transfer on the Wells Fargo employees. The company's reply stated its mistaken belief that it had no obligation to bargain with the Union concerning the effects of the transfer decision. *See First National Maintenance Corp. v. N.L.R.B.,* —— U.S. ——, 101 S.Ct. 2573, 69 L.Ed.2d 318 (1981). Thereafter the transfer was effected and although some additional discussions were had concerning the transfer effects, the Administrative Law Judge found that respondents by failing to give the Union timely notice, had made good faith bargaining impossible.

■ The consequences of the courier transfer complained of by the Union were the layoff of five employees and the constructive discharge of another. These dismissals occurred because Wells Fargo did not offer these employees jobs as part of the beginning of services at Pony Express. The underlying reason was illuminated by testimony of company officials which stressed the need to hold wages paid to Pony Express employees to levels below those then paid to Wells Fargo's unionized employees. This action, the Administrative Law Judge concluded, constituted illegal discrimination against union employees in violation of section 8(a)(3) and (1) of the Act. This finding was made in the absence of proof of antiunion motivation on the strength of the Supreme Court's decision in *N.L.R.B. v. Great Dane Trailers, Inc.,* 388 U.S. 26, 34, 87 S.Ct. 1792, 1798, 18 L.Ed.2d 1027 (1967). There it was held that "if it can reasonably be concluded that the employer's discriminatory conduct was 'inherently destructive' of important employee rights, no proof of antiunion motivation is needed . . . ." Refusing to transfer Wells Fargo courier employees to Pony Express without prior negotiation was conduct which, in the opinion of the Administrative Law Judge, was inherently destructive of employee rights.

■ The fourth and final issue concerns the Administrative Law Judge's order requiring respondents to bargain with the Union as the representative of Pony Express' Nashville and Knoxville employees. This order stems from the finding that Pony Express is the *alter ego* of Wells

Fargo. An employer's duty to bargain with an incumbent union devolves upon the nominally different entity which continues to operate the same business enterprise. *N.L. R.B. v. Triumph Curing Center*, 571 F.2d 462, 474 (9th Cir. 1978). Hence Pony Express is obliged to bargain with the union representing the Wells Fargo employees.

It is the opinion of this court that the Administrative Law Judge correctly decided all four issues. The motion of the Board to enforce is granted.